
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES THOMAS BRICE, #43113-037   :

   Petitioner   :

   v.   : Civil Action No. WDQ-12-2487
      Criminal Action No. WDQ-07-261

UNITED STATES OF AMERICA   :

   Respondent

**MEMORANDUM**

James Brice ("Brice") has filed a Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 257). The government has filed a Motion to Dismiss, raising the one-year limitations period as an affirmative defense (ECF No. 260) and Brice has filed a Reply. ECF No. 267. Additionally, the government has filed a supplemental response. ECF No. 269. After review of the pleadings and applicable law, the Court will dismiss the Motion as untimely.

**PROCEDURAL HISTORY**

On March 19, 2008, Brice pleaded guilty to conspiracy to distribute and possession with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. On January 12, 2009, he was sentenced to 262 months of incarceration and 5 years of supervised release. The sentence was based upon his status as a career offender, pursuant to § 4B1.1 of the United States Sentencing Guidelines. Brice did not appeal his conviction or sentence. The instant Motion was filed on August 14, 2012, the date Brice delivered it to prison officials for mailing.[1]

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998); *see also* Rule 3(d), "Rules Governing § 2255 Proceedings." (prisoner habeas petitions are deemed filed when delivered to prison officials for mailing to the court).

## DISCUSSION

Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final.[2] *See* 28 U.S.C. § 2255(f). If no appeal is noted, the conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Brice's judgment became final ten days after sentencing when the time for filing his appeal elapsed.[3] Consequently, the one-year limitations period started to run on January 22, 2009, and expired one year later on January 22, 2010. Under these facts, Brice filed his Motion more than thirty months outside the limitations period.

Liberally construed, Brice's argument is that his Motion should be considered timely because decisions rendered in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Carachuri–Rosendo v. Holder*, _U.S._ 130 S. Ct. 2577 (2010), triggered the filing period. *See* 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). The Fourth Circuit has held that the rule announced in *Carachuri-Rosendo* is procedural and is

---

[2] Section 28 U.S.C. §2255(f) provides:
  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] *See* Fed. R. App. P. 4(b)(1)(A) (former version, granting 10 days from judgment to file notice of appeal); Fed. R.App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

not retroactively applied to cases on collateral review. *See United States v. Powell*, 691 F. 3d 554, 559-60 (4th Cir. 2012). In *United States v. Wheeler*, 487 Fed. Appx. 103 (4th Cir. 2012) (unpublished), the United States Court of Appeals for the Fourth Circuit explained that a "claim for retroactive application of the Supreme Court's opinion in *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577 (2010), and our opinion in *United States v. Simmons*, 649 F.3d 237, 241–45 (4th Cir. 2011) (*en banc*), fails in light of our recent opinion in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012)." Accordingly, Brice's argument provides no basis to find his Motion timely.

## EQUITABLE TOLLING

The one-year limitation period is subject to equitable tolling *See Holland v. Florida*, \_ U.S. \_, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he demonstrates: 1) that he has been pursuing his rights diligently, and 2) an extraordinary circumstance stood in his way and prevented timely filing. *See id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Brice states that he instructed his counsel to appeal his conviction and blames his counsel's failure to do so for this untimely § 2255 Motion. Even if the Court assumed this conclusory and self-serving assertion to be true, counsel's purported failure to file a direct appeal does not, under these facts, excuse a delay of some thirty months between the time judgment became final and filing the § 2255 Motion. Notably, Brice did not seek earlier collateral relief for his trial counsel's alleged failure to file an appeal. Counsel's alleged ineffective assistance did not prevent Brice from filing a timely Motion to Vacate.

## CONCLUSION

Brice demonstrates neither diligent pursuit of his rights nor extraordinary circumstance that prevented his timely filing. There are no grounds for equitably tolling the limitations period and the Motion will be dismissed as time-barred. Brice has not made the requisite showing of denial of a substantial right, and the Court declines to issue a Certificate of Appealability. A separate Order follows.

2/25/13
Date

William D. Quarles, Jr.
United States District Judge