IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | *   Crim. Case No.: SAG-07-0261 |
| JAMES THOMAS BRICE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 19, 2008, James Thomas Brice pled guilty to Count One of a Second Superseding Indictment charging him with conspiracy to distribute one kilogram or more of heroin. ECF 138. On January 12, 2009, United States District Judge William D. Quarles Jr. sentenced Brice to 262 months in prison, with credit for time served since September 25, 2007, to run concurrent with any Maryland State sentence. ECF 211, 213. On January 26, 2021, Brice filed a *pro se* Motion for Compassionate Release. ECF 373. After appointing counsel to represent Brice in briefing the relevant issues, this Court denied Brice's motion. ECF 387. Brice timely appealed to the United States Court of Appeals for the Fourth Circuit. *United States v. Brice,* No. 21-6776. The Fourth Circuit held Brice's appeal in abeyance pending the ruling of the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). In light of the Supreme Court's ruling, the Fourth Circuit vacated this Court's opinion and remanded the case. Brice has now renewed his compassionate release motion. ECF 400. This Court has reviewed the renewed motion and the related briefing. ECF 402, 405. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Brice's renewed motion will be granted.

**I.      LEGAL STANDARDS**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." *Id*. § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion is for compassionate release is properly filed, the Court must: (1) determine whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; and (2) consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

**II.     ANALYSIS**

It appears that Brice adequately exhausted his administrative remedies. *See* ECF 382 at 16 (Government acknowledgement that Brice has met the administrative prerequisites). The next issue, then, is whether Brice's renewed motion sets forth an "extraordinary and compelling reason[]" warranting further consideration of compassionate release. In his initial motion, Brice cited two potential reasons: (1) the increased risk posed to him by the COVID-19 pandemic, and (2) the discrepancies between his sentence and those imposed on others, including his co-defendants and persons convicted of similar offenses today. *See* ECF 380, 384. In his renewed

2

motion, Brice disclaims reliance on the COVID-19 pandemic, instead basing his current argument on the sentencing discrepancy alone.[1] ECF 400 at 7 (confirming "Brice does not rely on the COVID-19 pandemic as an extraordinary and compelling reason for relief").

Brice contends that this Court should find that the length of his sentence constitutes an "extraordinary and compelling reason" to consider compassionate release because it well exceeds what he would receive if sentenced today. ECF 400 at 5. In this Court's initial ruling, it determined that "non-retroactive changes to sentencing case law or revisions to the sentencing guidelines" did not alone satisfy the "extraordinary and compelling reason" standard. ECF 386 at 7. In its more recent ruling in *Concepcion,* however, the Supreme Court suggested that such sentencing changes could in fact suffice in some circumstances, reasoning that district courts were not restricted from "consider[ing] nonretroactive Guidelines amendments to help inform whether to reduce sentences at all, and if so, by how much." 142 S. Ct. at 2403. This language suggests that such amendments alone could constitute the required extraordinary and compelling reason, should a Court reach that conclusion in a particular case.

Initially, Brice correctly posits that he would not be a career offender if he were sentenced today. In *United States v. Norman*, the Fourth Circuit decided that conspiracy to distribute narcotics did not constitute a "controlled substance offense" for purposes of qualifying for career offender treatment. 935 F.3d 232, 237-38 (4th Cir. 2019). Brice's status as a career offender relied on at least one conviction for that offense. Recalculating Brice's advisory guidelines range under the current sentencing guidelines, and without the career offender enhancement, this Court arrives

---

[1] This Court notes, as it explained in its earlier opinion, that Brice suffers from several significant medical conditions. ECF 386 at 4-5. It further notes that, since the issuance of this Court's earlier opinion, Brice has availed himself of the available vaccines to protect against serious COVID-19 complications.

at an offense level 31 and criminal history category VI, which would result in an advisory guideline range of 188-235 months. The amount of time Brice has served, then, is just below the low end of that range. And the sentence he actually received is more than two years above the top end of that range. Considering the particularized circumstances of Brice's criminal history and his non-violent offense of conviction, this Court concludes that in this case, the nonretroactive Guidelines amendments and their effect on Brice's sentence constitute an extraordinary and compelling reason to consider whether compassionate release is warranted.

The Government contends that *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), held that "a defendant could not claim post-sentencing changes in the law satisfy the 'extraordinary and compelling' standards." ECF 402 at 1. This Court does not read *Ferguson* that broadly. In that case, the defendant's compassionate release arguments expressly challenged the validity of his original conviction and sentence, such as his arguments that "Appellant's Guidelines range was calculated incorrectly" and that his counsel was ineffective. 55 F.4th at 266. As the Fourth Circuit found, those arguments amounted to a collateral attack on Ferguson's sentence, which could not be brought via a compassionate release motion. *Id.* at 270-72. Here, Brice does not challenge the validity of his conviction or his sentence. He simply argues that, at present, the changes in the sentencing landscape provide an extraordinary and compelling reason to review his sentence and determine whether a lower sentence fulfills the purposes of the sentencing statute. *Ferguson* is therefore inapposite and does not preclude this Court's determination that, in Brice's particular circumstances, the intervening changes to the sentencing guidelines amount to an extraordinary and compelling reason.

However, the determination that Brice has established an extraordinary and compelling reason permitting further consideration of compassionate release does not end this Court's inquiry.

This Court must further engage in a review of the factors set forth at 18 U.S.C. § 3553(a) to assess whether any modification to Brice's sentence is appropriate, and if so, in what amount.

Beginning with Brice's history and characteristics, he had a long history of non-violent narcotics offenses (and one traffic offense) prior to his conviction in this case. He is now in his mid-fifties and has served approximately 184 months of his 262-month sentence. During that lengthy period of incarceration, Brice has engaged in programming to make a significant effort at rehabilitation and has accrued a very minimal disciplinary record, with the most recent infraction years ago. ECF 400-2 at 3. He maintains employment in the waste management department of his prison and is working toward his GED. *Id*. at 2-3. While his rehabilitation would not alone constitute an extraordinary and compelling reason justifying compassionate release, it weighs significantly in his favor in an analysis under 18 U.S.C. § 3553(a).

This Court must also consider the nature and seriousness of the offense and the need to provide just punishment. This case involved a non-violent heroin conspiracy. Brice pled guilty to controlling the operation of a "street level heroin distribution shop," so he was not engaged in interstate or international drug trafficking. The quantity of heroin attributable to Brice carries a ten-year mandatory minimum sentence. Brice has already served over fifteen years, amounting to roughly 70% of the sentence Judge Quarles originally imposed. Fifteen-plus years is a lengthy enough sentence to satisfy the factors of general and specific deterrence for non-violent street-level drug trafficking by a person with a criminal record limited to similar drug-related conduct. There is an issue of unwarranted sentencing disparities, as discussed above, suggesting that a lower sentence would align Brice with similar defendants convicted of similar offenses today. Moreover, if he were released, Brice still will have served more than two years more than any of his co-defendants, which is a fair difference in sentence given his leadership role. And the advice of the

5

federal sentencing guidelines, as recalculated, suggests that a sentence closer to the range of 188-235 months is appropriate.

Accordingly, Brice's Renewed Motion for Compassionate Release, ECF 400, will be granted by separate order and his sentence will be reduced to time served. The conditions of his supervised release will be modified to include a six-month period of home confinement, to be monitored by location monitoring. However, his release will be stayed for a period of 14 days from the date of the Order to allow for medical clearance, quarantine, if necessary, and the implementation of a release plan.

Dated:  February 16, 2023

          /s/
Stephanie A. Gallagher
United States District Judge